UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Yorel Pruitt, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　-v.-<br><br>Resurgent Capital Services, LP,<br>LVNV Funding, LLC<br>and John Does 1-25<br><br>　　　　　　　　　Defendant(s). | Civil Action No. _____ |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Yorel Pruitt (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Meridian Law, LLC, against Defendant Resurgent Capital Services, LP. (hereinafter "Defendant Resurgent") and Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Maryland consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Maryland, County of Baltimore.

8. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and resides at 55 Beattie Place, Suite 110, Greenville, SC 29601 and may be served process upon the Corporation Service Company at 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant Resurgent. is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 6801 S. Cimarron Road, Suite 424-L, Las Vegas, NV 89113 and may be served process upon the Corporation Service Company at 80 State Street, Albany, New York 12207.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the state of Maryland

    b. to whom Defendant Resurgent sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant LVNV;

    d. that included materially misleading and contradictory language regarding the status of a consumers dispute as well as the method of communication a consumer must use in order to assert their dispute rights under 15 U.S.C. §§ 1692g;

    e. and makes contradictory statements regarding the servicer/manager of the account;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692g.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter.

        Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to July 29, 2021, an obligation was allegedly incurred to Credit One Bank, N.A.

24. The Credit One Bank, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged Credit One Bank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Credit One Bank, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant LVNV, a debt collector and the subsequent owner of the Credit One Bank, N.A. debt, contracted the Defendant Resurgent to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – July 29, 2021 Collection Letter*

29. On or about July 29, 2021, Defendant Resurgent sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Defendant LVNV. **See Exhibit A.**

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

32. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

33. The letter states:

"Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Tate & Kirlin, the current servicer of this account.

>      For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187."

34.     The bottom of the letter contains the required statement under §1692g, stated in its entirety below:

>      "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor."

35.     The two paragraphs clearly contradict each other. The first paragraph states that the Defendant Resurgent has "initiated a review of the inquiry recently received." This implies that the account is already under review, yet the bottom paragraph says that the consumer can dispute the debt within 30 days.

36.     The language is misleading and confusing to the consumer because one paragraph leads him to believe that their account is already under review and that he does not need to dispute the debt and another paragraph says he has thirty days to dispute his debt.

37.     Furthermore, the first paragraph contains a request to call to discuss for further assistance, which misleads the consumer by implying that a phone call is sufficient to discuss all facets of the account including disputing the debt, when in reality, in order to properly assert all her rights, the Plaintiff must put the dispute request in writing.

38.     Plaintiff incurred an informational injury because the Defendants falsely describe the requirements for a dispute, thus leaving the consumer confused as to the proper procedures to dispute her debt.

39. Defendants false statement overshadowed Plaintiff's §1692g right to have the debt validated since it misleads the Plaintiff to believe that her account is under review and is no further dispute is needed.

40. In addition, the letter is entirely confusing by introducing "Tate & Kirlin" and describing that entity as "the current servicer of this account."

41. This is a direct contradiction of the earlier statement in the letter that Defendant Resurgent "manages" the above- referenced account.

42. If "Tate & Kirlin" is the current servicer of this account, then what role does Defendant Resurgent play?

43. It is deceptive and misleading to lead the Plaintiff in two contradictory paths as to the identity of the servicer of their account.

44. Plaintiff cannot tell from the Letter who she is dealing with and by containing such a blatant contradiction as to the servicer of her account, Plaintiff would be easily misled to believe there is potential fraud in the letter.

45. This is especially misleading and deceptive because due to the contradictory indications in the letter, Plaintiff does not know whether to dispute with Defendant Resurgent or "Tate & Kirlin."

46. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

47. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

48. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

49. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

50. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

51. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

52. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

53. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

54. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendants violated §1692e:

   a. By making a false and misleading representation in violation of §1692e(10).

59. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

62. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;
   2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63. The Defendants violated 15 U.S.C. §1692g, by using contradictory language in regards to the current status of the debt and the method for a dispute, and deceives the consumer not to exert its rights under the FDCPA.

64. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yorel Pruitt, individually and on behalf of all others similarly situated, demands judgment from Defendants Resurgent and Defendant LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh E. Stein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**MERIDIAN LAW, LLC**

/s/ Aryeh E. Stein
Aryeh E. Stein, # 24559
600 Reisterstown Road, Suite 700
Baltimore, MD 21208
Phone: (443) 326-6011
FAX:  (410) 653-9061
astein@meridianlawfirm.com
*Attorneys For Plaintiff*